**ALD-008**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2487
_____

EMMITT PERKINS,
                              Appellant

v.

JURGEN SCHWAPPACH, CORRECTIONAL OFFICER SGT.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:07-cv-02124)
District Judge:  Honorable Michael M. Baylson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 15, 2010

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed: October 29, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        In 2007, Emmitt Perkins, an inmate at the State Correctional Institute at Graterford

("Graterford"), filed a pro se civil rights action in the District Court pursuant to 42 U.S.C.

§ 1983.  Perkins alleged that Sergeant Jurgen Schwappach, a correctional officer at

Graterford, denied him access to medical attention in violation of the Eighth Amendment of the United States Constitution. The allegations stem from an incident in 2006 when Perkins, who suffers from insulin-dependent type II diabetes mellitus, experienced a loss of feeling in his arms, numbness in his fingertips, and feelings of nausea and lightheadedness. These symptoms led Perkins to believe he needed to take Glipizide, a diabetes medication, and he attempted to go to the prison's medication line to obtain it. Due to confusion over where Perkins wanted to go and what passes were necessary to go there, Schwappach stopped Perkins before he arrived at the medication line and made Perkins return to his cell block to obtain a white pass, despite Perkins's explanation that he needed his diabetes medication.[1] Later that day Perkins was able to proceed to the medical dispensary where he received treatment for his symptoms and recovered.

In 2007, the District Court dismissed Perkins's complaint with prejudice, but in 2008 we reversed the District Court's ruling regarding Perkins's Eighth Amendment claim. The District Court appointed counsel for Perkins in 2008, and he filed an amended complaint. After discovery, Schwappach moved for summary judgment, which the District Court granted in April 2010.

---

[1] On his way to the medication line Perkins showed a blue pass, which is a pass authorizing inmates to go to the dispensary for medical treatment. To go to the dispensary, however, a prisoner must show both a blue pass and a white pass, which lists the dates and times of when the inmate is leaving one area of the prison and entering another.

Perkins filed a timely notice of appeal from the District Court's order and then moved to proceed in forma pauperis ("IFP").[2]  However, because he failed to provide the additional documentation necessary for a grant of IFP, Perkins's appeal was dismissed for failure to timely prosecute.  See Fed. R. App. P. 3(a); 3d Cir. L.A.R. 3.3; 3d Cir. L.A.R. Misc. 107.1(a).  Soon thereafter, Perkins filed a motion to reopen the appeal along with the additional documents needed for an IFP application.  Although Perkins's motion to reopen was filed late, see 3d Cir. L.A.R. Misc. 107.2(a), we accept Perkins's explanation that Graterford was slow in providing him with his prison account statement.  As a result, we find Perkins had good cause for not providing the required IFP documents in a timely fashion, and therefore grant his motion to reopen.  See id.  Perkins's application for IFP is now complete and demonstrates that he has no appreciable assets.  Accordingly, his motion to proceed IFP is also granted.

Although we grant Perkins leave to proceed IFP, his appeal nonetheless fails, because we will summarily affirm the District Court's decision.  See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.[3]  We exercise plenary review over the District Court's grant of Schwappach's motion for summary judgment.  See Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 770 (3d Cir. 2009).  A motion for summary judgment should be granted

---

[2] Appellant also submitted a brief in support of his appeal prior to the Court issuing a briefing schedule.  We have considered the brief in reaching our decision, and direct the Clerk of the Court to file the brief.

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291, and may affirm the District Court's judgment on any basis supported by the record.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

3

only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party first must show that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating a genuine issue for trial. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir.1999).

The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to provide basic medical treatment to inmates. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Because it is well established that insulin-dependent diabetes mellitus is an objectively serious medical condition, see, e.g., Rouse, 182 F.3d at 197, we focus upon whether Schwappach's actions amounted to deliberate indifference. To establish deliberate indifference in the context of medical treatment, a prisoner must show that the prison employee knew of and disregarded an excessive risk to the prisoner's health. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). We have found deliberate indifference where a prison official: knows of a prisoner's need for medical treatment but intentionally refuses to provide it; delays necessary medical treatment for non-medical reasons; or prevents a prisoner from receiving needed or recommended treatment. See Rouse, 182 F.3d at 197.

We agree with the District Court that Perkins did not come forward with evidence sufficient to create a genuine issue of material fact regarding deliberate indifference. Arguably, Schwappach was aware of a risk to Perkins's health, because Perkins told

4

Schwappach that he was feeling sick, had diabetes, and needed his medication. Nonetheless, no evidence suggests that Schwappach also drew the inference that Perkins actually faced a serious risk of harm. See Farmer, 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). As the District Court explained, Schwappach had no medical training, no knowledge of Perkins's medical history, and Perkins did not exhibit any outward signs of suffering. As a result, Schwappach had no way of determining Perkins's health risk aside from Perkins's statements regarding how he felt. Under such circumstances, Schwappach was justified in not inferring a serious risk to Perkins's health.

Moreover, even if Schwappach did know of an excessive risk to Perkins's health, he did not disregard that risk. Schwappach did not prevent Perkins from getting treatment altogether, and instead sent Perkins back to the cell block in order to obtain the necessary pass for the medical dispensary. Although Schwappach may have issued that directive in a harsh fashion by telling Perkins to "get the hell back on the block," he did not indicate a desire to deny Perkins medical treatment. Schwappach's actions appear to have been driven by a desire to enforce prison rules rather than a disregard for Perkins's health conditions. After Perkins received treatment later that day his symptoms dissipated, and he has not come forward with any evidence demonstrating long-term damage from the delay in receiving treatment. Because Schwappach's actions did not

5

amount to deliberate indifference, the District Court properly granted his motion for summary judgment on the Eighth Amendment claim.

Although we need not reach the issue of qualified immunity, since the District Court ruled on the matter, we briefly address it. For the reasons outlined above, the facts that Perkins alleged fail to make out a violation of a constitutional right. See Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). Accordingly, the District Court also properly granted Schwappach's motion for summary judgment on the basis of qualified immunity.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.